A. H. VAN HOOK, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

MRS. A. H. VAN HOOK, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 9358, 9359.    Promulgated September 15, 1927.

*Held,* that the amount of $7,500 was erroneously added to the income of the petitioner for the year 1923.

*Walter E. Barton, Esq.,* for the petitioners.
*A. H. Fast, Esq.,* and *Julien G. Gibbs, Esq.,* for the respondent.

The respondent has asserted deficiencies in income taxes against each of the petitioners for the years 1922 and 1923, in the respective amounts of $1.57 and $490.58. Two issues are involved, viz, (1) whether the petitioners sustained a loss in the amount of $5,000 in the year 1923, resulting from the shrinkage in value of certain stocks owned by them, and (2) whether, in 1923, A. H. Van Hook received certain stock of the par value of $7,500 in payment for personal services. By agreement of counsel for the parties, the two proceedings were consolidated for hearing and decision.

### FINDINGS OF FACT.

A. H. Van Hook and Mrs. A. H. Van Hook, during the taxable years, were husband and wife, living together at Shreveport, and constituting a marital community under the laws of Louisiana. During the taxable years, and, for many years prior thereto, A. H. Van Hook was an attorney, practicing his profession in Shreveport. About 1898 he began to render some services to one Captain Youree, a man of large means, who died about 1914. After the death of Youree, he was retained by the widow of Captain Youree, Mrs. Betty Scott Youree, and her daughter, Mrs. Susie Rose Youree Lloyd, to act as their agent, and to have general charge of their large property interests. For his services as such agent the petitioner, at first, received a salary in the amount of $150 per month, which later, and during the taxable years, was increased to the amount of $200 per month.

Among other properties owned by the Yourees was an undivided three-fourths interest in a plantation of about 1,100 acres, known as Upper Harts Island. The remaining interests in this plantation were owned by relatives of the Yourees. In the year 1923, acting as the agent of the owners, Van Hook sold this plantation to A. C. Steere Co., Inc., hereinafter sometimes referred to as the Steere Company, for the amount of $200,000. The contract of sale provided that the Youree interests should make the deed to any party designated by vendee.

After entering into a contract to purchase the Upper Harts Island Plantation, the Steere Company caused the South Highlands Co., Inc., to be organized with authorized capital in the amount of $300,000, and assigned the contract for the purchase of the Upper Harts Island Plantation to such company in exchange for stock thereof of the par value of $50,000. Other stock of the South Highlands Co., Inc., in the amount of $50,500, was issued for lands other than the Harts Island property, and the remainder of such stock was issued to the Steere Company and relatives of the president of such company for cash at par. Resulting from these various transactions, the South Highlands Co. acquired the Upper Harts Island Plantation and its entire authorized capital was issued.

About the time of the organization of the Highlands Company, A. C. Steere, president of the Steere Company, offered to present to Van Hook shares of such company of the par value of $7,500. The petitioner declined the gift so offered, but expressed his desire to invest in the stock on equal terms with the original owners, and thereupon purchased stock of the South Highlands Co., Inc., of the par value of $32,500 from A. C. Steere, and paid therefor the amount of $25,000.

The petitioner, Van Hook, received no compensation for his services in negotiating the sale of the Upper Harts Island Plantation other than his regular salary of $200 per month for acting as agent for the Yourees. He received no compensation from A. C. Steere, the A. C. Steere Co., Inc., or the South Highlands Co., Inc., for his services in connection with the sale of such plantation.

Upon audit of the income-tax returns of the petitioners for the year 1923, the respondent added the amount of $7,500 to the income of Van Hook as compensation for services rendered to the A. C. Steere Co. in connection with the sale and purchase of the Upper Harts Island Plantation.

OPINION.

LANSDON: The evidence is conclusive that the petitioner, Van Hook, purchased no stock from A. C. Steere Co., Inc.; that $25,000 was the purchase price of the stock which he acquired from A. C. Steere, and that he received no fee or compensation of any sort from A. C. Steere Co., Inc., in connection with the purchase of the Upper Harts Island Plantation, in which transaction he acted only for the Yourees. On this point the determination of the respondent is reversed.

At the hearing counsel for the petitioners waived their second contention and, therefore, the determination of the respondent that no loss was sustained by the petitioners on account of shrinkage in value in the taxable year of certain stocks is approved. No evidence was offered as to the deficiency for 1922, and the determination of the respondent for that year is approved.

> *Judgment will be entered on 15 days' notice, under Rule 50.*

Considered by STERNHAGEN and ARUNDELL.